IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRENDAN JOHN JONES,<br><br>Defendant. | CR 18–106–BLG–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Brendan John Jones' Unopposed Motion for Early Termination of Probation. (Doc. 37.) Mr. Jones pled guilty to two felony counts of possession of a firearm not registered in national firearms registration and transfer record, in violation of 26 U.S.C. § 5861(d) and two felony counts of possession of a firearm not identified by serial number, in violation of 26 U.S.C §§ 5861(i), 5871. (Doc. 31 at 1.) On April 25, 2019, he was sentenced to 3 years of probation on each count, to run concurrently. (*Id.* at 2.) Mr. Jones moves this Court for the premature termination of his probation. (Doc. 38 at 4.) The United States of America and the United States Probation Office do not oppose this request. (*Id.*) For the reasons stated herein, the Court will grant the motion.

Under federal law, this Court:

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal

1

      Rules of Criminal Procedure[1] relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

18 U.S.C. § 3564(c). As previously noted, Mr. Jones was convicted of four felonies and sentenced to a probationary term of 3 years, which he began serving on April 25, 2019. Accordingly, he is statutorily eligible for the premature termination of his remaining term of probation and the Court will consider the applicable factors set forth in section 3553(a).

      Relevant section 3553(a) factors include: (1) the nature and circumstances of the offense; (2) history and characteristics of the defendant; (3) the need for the sentence imposed; (4) sentencing possibilities; (5) pertinent policy statements; (6) sentencing disparities; and (7) restitution obligations. *See generally* 18 U.S.C. § 3553(a). The offense conduct in this case involves the possession of unregistered silencers. While this offense conduct is serious, the Court notes that it is non-violent. As to Mr. Jones' history and characteristics, the Court finds that he suffers from post-traumatic stress disorder and chronic pain. Despite these challenges,

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Jones' probation. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Jones waives it, or if the proposed modification is favorable to him and the United States' does not object. The premature termination of Mr. Jones' probation is obviously favorable to him and the United States does not object. (Doc. 38 at 4.) Accordingly, the Court will dispose of this matter without a hearing.

Mr. Jones has not recorded a single instance of non-compliance since he began serving his probationary term two years ago.

The Court finds that the remaining factors have little impact on the resolution of this motion. Restitution is inapplicable, the Court does not have any disparity concerns, and although Mr. Jones benefited from a downward variance at sentencing, the Court does not find that should preclude the premature termination of the remaining probationary term in this case. Mr. Jones has thrived on probation and has remained fully compliant with the terms of his supervision. Neither the United States Attorney's Office or the United States Probation Office opposes his request for the termination of the remaining term of his probation. In short, Mr. Jones' conduct and the interests of justice demand the termination of his remaining term of probation.

Accordingly, IT IS ORDERED that the motion (Doc. 37) is GRANTED.

IT IS FURTHER ORDERED that Mr. Jones' remaining term of probation is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 17th day of May, 2021.

Dana L. Christensen, District Judge
United States District Court